# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKLYN FOSTER,** | : | CIVIL ACTION NO. 1:12-CV-2579 |
| **Petitioner** | : | (Judge Conner) |
| v. | : | |
| **ERIC HOLDER, Attorney General of the United States,** *et al.*, | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 4th day of February, 2013, upon consideration of the petition for writ of habeas corpus (Doc. 1), in which petitioner, a native and citizen of Trinidad and Tobago, admitted to the United States as a lawful permanent resident on January 30, 1983 (Doc. 1, at ¶¶ 6, 11), who is presently detained by Bureau of Immigration and Customs Enforcement ("ICE"), challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B), which provides that the Attorney General shall take into custody any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense," and, according to the record, petitioner was taken into custody by ICE on November 10, 2011, pursuant to charges that he was removable under Section 237(a)(2)(A)(iii) (related to conviction of an aggravated felony as defined in section 101(a)(43)(F) and (G)) and Section

237(a)(2)(A)(ii)(relating to convictions of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct committed any time after admission to the United States) of the INA (Doc. 6-2, at 4, 9), and it appearing that petitioner argues that he is not subject to mandatory detention because he was released from imprisonment in April, 2011, and was not taken into ICE custody until seven months later, when he was reporting to his "routine monthly supervised probation visits" (Doc. 1, ¶ 14), and it further appearing that respondents argue that his mandatory detention pursuant to 8 U.S.C. § 1226(c) is authorized and that the "when the alien is released" clause in section 1226(c) is not intended to specify when aliens are subject to mandatory detention, but, rather, instructs immigration officials when to take criminal aliens into custody (Doc. 6, at 14), and after consideration of all arguments raised, as well as the House Conference Report wherein "the legislature stated that mandatory detention was meant to apply 'whenever such alien is released from imprisonment, regardless of the circumstances of release' " (House Conf. Rpt. No. 104-828 at 210-11 (Sept. 24, 1996)), quoted in Saysana v. Gillen, 590 F.3d 7, 16 (1st Cir. 2009), this Court agrees with petitioner's position and concludes that because petitioner was taken into immigration custody when he was reporting for a routine probation appointment,

as opposed to when he was released from imprisonment, §1226(c) does not apply and he is entitled to an individualized bond hearing[1], it is hereby ORDERED that:

1. The petition for writ of habeas corpus is GRANTED.

2. Respondents shall provide to petitioner an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)(2) with an Immigration Judge forthwith and, in any event, no later than February 18, 2013.

3. Respondents shall file a notification with the Court that petitioner has received an appropriate individualized bond determination on or before February 19, 2013.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] The United States Court of Appeals for the Third Circuit has not yet addressed this issue. However, in arriving at this conclusion, this Court joins the vast majority of federal courts that have addressed the issue and have found that the mandatory detention provision was intended only to apply to non citizens who are detained *at the time of their release* from criminal custody for an enumerated offense under 8 U.S.C. § 1226(c). See Ortiz v. Holder, No. 1:11CV1146 DAK, 2012 WL 893154, at *3, n. 4 (D. Utah March 14, 2012) (collecting cases) (emphasis in original); but see Hosh v. Lucero, 680 F.3d 375, 378 (4th Cir. 2012) (utilizing the two-step analysis set forth in Chevron, U.S.A., Inc., v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-44, the court found that the Board of Immigration Appeals' determination in In re Rojas, 23 I. & N. Dec. 117 (BIA 2001), that criminal aliens are subject to mandatory detention despite not having been detained immediately upon release from state custody, is based on a permissible construction of § 1226(c)).